IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK15-40935 |
| | ) | |
| KARSTEN GERING, LLC, | ) | CHAPTER 7 |
| a Nebraska limited liability company, | ) | |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on November 9, 2015, on an objection to claim of Platte Valley Bank filed by creditor Harry Karsten (Fil. #44). Erin M. McCartney appeared for Debtor, Stacy C. Bach appeared as the Chapter 7 trustee, Phillip Kelly appeared for Platte Valley Bank ("Platte Valley") and as special counsel for the Chapter 7 trustee, Kristen Krueger and Donald L. Swanson appeared for creditor Harry Karsten, and Richard P. Garden, Jr. also appeared for Platte Valley. Evidence and briefs were received, and this matter is now ready for decision.

The movant, Harry Karsten, is the managing member of Debtor, as well as a creditor and a guarantor of Debtor's obligation to Platte Valley. He is objecting to Platte Valley's proof of claim on the grounds that Platte Valley's sale of collateral was not commercially reasonable. Mr. Karsten asserts that Platte Valley should have accepted either a higher bid offered by him or one allegedly made by a third party and brought to Platte Valley's attention by Mr. Karsten. He also alleges Platte Valley failed to take reasonable steps to market the collateral before selling it to Debtor's landlord for insufficient consideration.

Most of the relevant facts are undisputed. Some are not. Mr. Karsten suggests that a trial is necessary with live witness testimony and the opportunity for cross-examination before this court can make any findings of fact regarding any disputed issues of fact. While that is, in and of itself, a true statement, such a trial may not be necessary if the issues presented to the court can be finally decided based on the law and the undisputed facts. For purposes of this order, the undisputed facts are as follows:

1.      Karsten Gering, LLC, a Nebraska limited liability company, filed a Chapter 7 voluntary petition on June 10, 2015.

2.      On June 30, 2015, Platte Valley filed a proof of claim asserting a secured claim in the amount of $351,076.97 and describing its security interest as "all debtor's equipment, inventory, accounts, deposit accounts, including deposits of $131,328.60 subject to setoff." Attached to the proof of claim is a Promissory Note from Debtor payable to Platte Valley in the original amount of $500,000.00 dated April 20, 2015, a Commercial Security Agreement dated November 14, 2012, and a Uniform Commercial Code Financing Statement filed December 6, 2012. The financing statement describes Platte Valley's security in the following collateral: "ALL DEBTOR'S EQUIPMENT, INVENTORY, ACCOUNTS, CHATTEL PAPER, GENERAL INTANGIBLES,

DEPOSIT ACCOUNTS, DOCUMENTS, INSTRUMENTS, INVESTMENT PROPERTY AND LETTER OF CREDIT RIGHTS."

3.    Triplephil, LLC owned the building in which Debtor operated its business. On July 1, 2015, Triplephil, LLC filed its proof of claim asserting pre-petition rent owed in the amount of $20,000.00.

4.    Prior to bankruptcy filing, Debtor ceased business operations. However, property of the bankruptcy estate, including inventory and related equipment of Debtor remained on the business property owned by Triplephil, LLC.

5.    On June 30, 2015, Triplephil, LLC filed a motion for relief from stay (Fil. # 12) due to Debtor's failure to pay rent. Triplephil, LLC sought relief for the purpose of exercising its remedies available under state law, including eviction, collection of rent, and disposal of the assets of the estate remaining on the property.

6.    On July 3, 2015, the Chapter 7 trustee filed a motion to approve a public auction sale (Fil. #17) of the inventory, building materials, and other assets located at the Triplephil building. On July 20, 2015, Platte Valley objected to the trustee' motion (Fil. #21). Subsequently, the trustee withdrew her motion to sell at public auction (Fil. #37).

7.    On July 28, 2015, a stipulation was filed (Fil. #32) between and among Debtor, Platte Valley, and the Chapter 7 trustee. Under the terms of that stipulation, Debtor acknowledged its loan agreement with Platte Valley and that it was in default under the terms of the loan. The stipulation then specifically provided:

> The parties stipulate and agree that Platte Valley Bank shall have relief from stay to take possession of the inventory collateral to liquidate the collateral to satisfy its secured claim. In order to insure maximum value, the first potential purchasers to be solicited are current manufactured housing producers.

8.    As part of the stipulation, the parties also agreed that if the sale proceeds did not satisfy Platte Valley's claim, Platte Valley preserved the right to pursue other collateral. The final paragraph of the stipulation provides that by signing the stipulation, the trustee consents to relief from stay and abandons the property located at the Triplephil building. Notice of the stipulation and opportunity to object were provided pursuant to Local Rule 9013-1. No objections were filed, and the stipulation was approved on August 20, 2015 (Fil. #41).

9.    In the meantime, on August 12, 2015, Triplephil's motion for relief from the automatic stay was granted (Fil. #40).

10.    On September 2, 2015, an attorney for Platte Valley sent by email (and, it appears, by United States mail) a notification of disposition of collateral. The notice was provided to Debtor, Mr. Karsten, and to Mr. Karsten's attorney, Donald L. Swanson. The notice was apparently given

-2-

pursuant to the Uniform Commercial Code, and described the collateral subject to the notice as "[a]ll the inventory, equipment, intellectual property, general intangibles, trailer chassis and all other property subject to Platte Valley Bank's security interest." The notice stated that Platte Valley will sell the collateral at private sale sometime after September 14, 2015.

11.    On September 3, 2015, an agreement was entered into among the Chapter 7 trustee, Platte Valley, and Triplephil, LLC. Under the terms of that agreement, Triplephil agreed to purchase all of the inventory, equipment, and intellectual property located at the Triplephil property, together with certain trailer frames, by payment of $50,000.00 on September 15, 2015. The agreement further provided that Triplephil would be making an administrative expense claim for rent for the months of June, July, and August, but Triplephil agreed that it would not have an administrative claim for any rent for the month of September 2015. Finally, under the agreement, the parties acknowledged that Platte Valley would be required to give notice of sale to comply with the Uniform Commercial Code.

12.    On September 11, 2015, the attorney for Mr. Karsten contacted an attorney for Platte Valley to state that, among other things, he would be interested in bidding for the property in excess of the amount offered by Triplephil. Therefore, at 5:30 P.M. on Monday, September 14, 2015, Platte Valley's attorney emailed Mr. Karsten's attorney asking if he had a bid he wanted to make in writing. At 8:35 A.M. on September 15, 2015, the attorney for Mr. Karsten responded to Platte Valley's attorney with the following:

> On Friday morning, shortly before leaving Omaha for a trip to Chicago, I verbally presented the following offer to you from Harry Karsten: (i) Mr. Karsten bids $55,000 for the inventory, and (ii) Mr. Karsten wishes to enter into a bidding war from there with the initial bidder and with anyone else who might wish to make a bid. I also indicated that Mr. Karsten would need 30 days after the sale to him is closed to get the inventory removed – but he is working toward reducing or eliminating this timing issue. This offer from Mr. Karsten remainss [sic] in effect.
> On Friday afternoon, I spoke with you by telephone and indicated that Mr. Karsten is prepared to increase the amount of his offer incrementally, in response to competing over-bids, to at least $100,000.

13.    On September 16, 2015, Platte Valley's attorney wrote to Mr. Karsten's attorney stating:

> I am writing to advise you that the Bank has considered Mr. Karsten's offer to purchase the inventory and collateral subject to the UCC sale. The Bank has rejected that offer. Taking into consideration all the circumstances, the Bank believes a commercial and reasonable sale is one to Triplephil. The Bank will proceed to close that transaction today. That sale will produce $50,000 in cash to reduce the amount of the debt and will help the Bank avoid significant exposure for rent expense that was being made by Triplephil.

14.     The sale then closed and the $50,000.00 payment was made by Triplephil.

15.     Two days later, on September 18, 2015, Mr. Karsten filed his objection (Fil. #44) to Platte Valley's proof of claim on the grounds that it failed to comply with Article 9 of the Uniform Commercial Code when disposing of the sale collateral.

Specifically, Mr. Karsten alleges that Platte Valley's disposition of the collateral was not commercially reasonable because Platte Valley failed to consider Mr. Karsten's competing bid and a bid from a third party. Further, he alleges that Platte Valley made no marketing efforts and failed to comply with the stipulation regarding the need to first solicit current manufactured housing companies. Therefore, Mr. Karsten asserts that the claim of Platte Valley should be reduced to reflect the proceeds that would have been realized if the sale was conducted in a commercially reasonable manner.

Platte Valley's resistance to the claim objection alleges, *inter alia,* that: (i) Mr. Karsten lacks standing to object as the allowance or disallowance of the claim will have no pecuniary effect on him or the estate; (ii) Mr. Karsten has presented no evidence of the value of the sale collateral and, therefore, has failed to meet his burden of overcoming the prima facie validity of the claim; (iii) the objection is based on post-petition events which may not be considered in evaluating the claim; and (iv) the sale is commercially reasonable since it was approved in a judicial proceeding and was approved by the trustee.

### *Discussion*

The Bankruptcy Appellate Panel for the Eighth Circuit Court of Appeals discussed the analysis applicable to claim objections:

A creditor of the debtor may file a proof of claim. See 11 U.S.C. § 501(a). Bankruptcy Code § 502(a) explains that "[a] claim . . . proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When an objection to the claim has been filed, the court is charged with determining the amount of the claim as of the petition date and it shall allow the claim in such amount unless the exceptions listed in Bankruptcy Code § 502(b)(1) through (9) apply. *See* 11 U.S.C. § 502(b)(1)–(9).

A proof of claim that is filed in accordance with the Federal Rules of Bankruptcy Procedure is "prima facie evidence of the validity and the amount of the claim." Fed. R. Bankr. P. 3001(f). To overcome a claim's presumptive validity, an objection must be supported by substantial evidence. *McDaniel v. Riverside Cnty. Dep't of Child Support Servs. (In re McDaniel)*, 264 B.R. 531, 533 (8th Cir. B.A.P. 2001); *Consumers Realty & Dev. Co, Inc. v. Goetze (In re Consumer Realty & Dev. Co., Inc.)*, 238 B.R. 418, (8th Cir. B.A.P. 1999) (party objecting to proof of claim must produce evidence to overcome prima facie validity). The claimant must provide additional evidence of the claim's validity if the party objecting to the claim rebuts

its presumptive validity. *Gran v. I.R.S. (In re Gran)*, 964 F.2d 822, 827 (8th Cir.1992).

*Sears v. Sears (In re AFY, Inc.)*, 463 B.R. 483, 488 (B.A.P. 8th Cir. 2012).

Addressing first Platte Valley's contention that Mr. Karsten does not have standing to object to its claim, it is undisputed that Mr. Karsten is the managing member of Debtor and a guarantor of the debt owed to Platte Valley. He also purports to be a creditor of Debtor. As such, he is a party in interest entitled to object to the proof of claim filed by Platte Valley. *Robb v. Harder (In re Robb)*, 534 B.R. 354, 357 (B.A.P. 8th Cir. 2015) (stating that standing to object to a proof of claim generally requires a pecuniary interest in the distribution of assets from the estate). Platte Valley's assertion that Mr. Karsten has no pecuniary interest in the outcome of the claim litigation is unavailing – as of this date, it is impossible to say whether or not assets will be available to be distributed to claimants.

Platte Valley's next issue is more compelling. That is, can claim objections be based solely on post-petition events? The Eighth Circuit Bankruptcy Appellate Panel and the United States District Court for the District of Nebraska have both answered this question in the negative. In *Sears v. Sears,* the B.A.P. noted that claims are determined as of the bankruptcy petition date and post-petition events do not merit disallowance of claims. *Sears v. Sears (In re AFY, Inc.)*, 463 B.R. at 490. In a related case, the United States District Court held that:

> Under 11 U.S.C. § 502(b), a post-petition event does not serve as a basis to disallow a proof of claim. *See In re Strangis*, 67 B.R. 243, 246 (Bankr. D. Minn.1986) ("Proper focus of the language regarding disallowance of a claim [under §502(b)(1)], is on prepetition enforceability, not post-petition enforceability"); *Bononi v. Bayer Employees Fed. Credit Union (In re Zilka)*, 407 B.R. 684 (Bankr. W.D. Pa. 2009) (holding that debtor's post-petition waiver defense is of no effect because creditor's claims are determined as of the date of the bankruptcy filing under § 502(b)(1)).

*In re Sears,* 536 B.R. 286, 307 (D. Neb. 2015).

Mr. Karsten does not raise any objections to the amount of the Platte Valley claim as of the bankruptcy filing date. He only raises post-petition events: whether the disposition was commercially reasonable and whether Platte Valley complied with the stipulation by first offering the collateral to manufactured housing entities. As a matter of law, those events are not relevant to the amount and validity of Platte Valley's claim as of the date of bankruptcy filing and those events do not overcome the prima facie validity of the claim – as of the date of bankruptcy filing.

However, the foregoing conclusion does not resolve the ultimate issue that has been raised here. The validity and amount of the claim as of the bankruptcy filing date is not at issue. Instead, the issue is whether the valid claim of Platte Valley should be reduced due to application

of the collateral proceeds, as well as to any damages or other remedies under section 9-625 *et seq.* of the Uniform Commercial Code as enacted in Nebraska. Surely, the allowance of the claim as of the date of bankruptcy filing does not shield a pre-petition creditor from ever having to answer for, justify, or defend its post-petition conduct with respect to its claim.

Mr. Karsten's claims are properly the subject of an adversary proceeding. *See* Fed. R. Bankr. P. 7001(1) and (2). Mr. Karsten has suggested that the issues he has raised – breach of the stipulation and commercial reasonableness of the sale – cannot be resolved solely by the threshold issues raised by Platte Valley and the existing affidavit evidence. I agree. The issues as to prima facie validity and determination of the claim as of the date of bankruptcy filing are discussed above. The remaining issues – breach of the stipulation and the UCC-based arguments of commercial reasonableness, as well as the defenses raised by Platte Valley – are subject to disputed facts and are more properly addressed in an adversary proceeding. In his brief, Mr. Karsten stated his willingness to pursue such an adversary proceeding.

There is no doubt that Platte Valley should, at some point, be required to amend its proof of claim to reflect its recoveries from its collateral. Therefore, I will not dismiss the claim objection at this time. Instead, the objection will be deferred pending the results of an adversary proceeding to be filed by Mr. Karsten. If no such adversary proceeding is filed by December 15, 2015, the claim objection will be overruled.[1]

IT IS SO ORDERED.

DATED:  December 4, 2015.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Erin M. McCartney
    Stacy C. Bach
    Phillip Kelly
    *Kristen Krueger/Donald L. Swanson
    Richard P. Garden, Jr.
    United States Trustee
Movant(*) is responsible for giving notice to other parties if required by rule or statute.

---

[1]Since further action by the parties and the court are contemplated by this Order, it is not a final order for purposes of appeal.

-6-